```
          IN THE UNITED STATES DISTRICT COURT FOR
         THE DISTRICT OF MARYLAND, NORTHERN DIVISION
                              *
WENDY BENS,
                              *
     Petitioner,
                              *
          v.                       CIVIL NO.:    WDQ-07-0949
                              *    CRIMINAL NO.: WDQ-04-0040
UNITED STATES OF AMERICA,
                              *
     Respondent.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *
```

MEMORANDUM OPINION

Pending is Wendy Bens's *pro se* motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 and motion for return or answer under 28 U.S.C. § 2248. The Court has reviewed the record and determined that no evidentiary hearing is necessary. *See* Rule 8 of the Rules Governing § 2255 Proceedings. For the following reasons, Bens's motions will be denied.

I.  Background

On February 10, 2004, Bens was indicted for: (I) conspiring to import 2.4 kilograms of cocaine in violation of 21 U.S.C. §§ 963, 952(a) and 960(a); (II) importing cocaine in violation of 21 U.S.C. §§ 952(a) and 960(a); (III) possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a); (IV) conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846 and 841(a); and (V) possession of a firearm in furtherance of drug

1

trafficking in violation of 18 U.S.C. § 924(c).  Fourth Circuit J.A. at 18-22 (Second Superseding Indictment).  On October 26, 2004, a jury convicted Bens on all counts; he was sentenced to a concurrent 151 month term of imprisonment on Counts I, II, III, and IV, and a consecutive 60 month term on Count V.

The Fourth Circuit affirmed his sentence and conviction, *United States v. Bens*, No. 05-4736 (4th Cir. June 15, 2006)(*per curiam*), and the United States Supreme Court denied *certiorari*. *Bens v. United States*, 127 S. Ct. 458 (2006).

II. Analysis

    A.   Motion for Return or Answer

On August 10, 2007, Bens moved under 28 U.S.C. § 2248[1] for "Return or Answer" claiming that the Government did not timely respond to his § 2255 motion.  Since the Government never responded to this motion, Bens urges the Court to take his statements as true and grant him an evidentiary hearing.  On April 17, 2007, the Court ordered the Government to show cause within 60 days why Bens's § 2255 motion should not be granted.  The Government timely responded on June 13, 2007; thus, Bens's motion for return or answer will be denied.  Paper No. 101.

---

[1] The statute provides that "the allegations of a return to the writ of habeas corpus or of an answer to an order to show cause in a habeas corpus proceeding, if not traversed, shall be accepted as true except to the extent that the judge finds from the evidence that they are not true."  28 U.S.C. § 2248.

2

B.   Motion to Vacate, Set Aside or Correct Sentence

Bens's motion to vacate, set aside, or correct his sentence states six grounds for relief: (1) his trial attorney was ineffective for failing to object to the Court's instructions on Count I; (2) the Court constructively amended the Indictment's charge in Count III; (3) the Court's admission of Jonathan DeCarlo's hearsay statements violated his Sixth Amendment right to confront his accuser; (4) there was insufficient evidence that he violated 18 U.S.C. § 924(c); (5) his counsel was ineffective for failing to raise *Bailey v. United States*, 516 U.S. 137 (1995), on direct appeal; and (6) the cumulative effect of these various trial errors prejudiced him.

1.   Ineffective Assistance of Counsel

The Sixth Amendment guarantees the effective assistance of counsel.  *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  To prove ineffective assistance of counsel, Bens must show that: (1) counsel's deficient performance prejudiced his defense.  *Id.* at 687.  This requires a showing that "counsel's representation fell below an objective standard of reasonableness."  *Id.* at 688. Bens must also demonstrate a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694.  Only if deficient performance and prejudice are established can it be concluded that counsel's assistance was defective.  *Id.* at 687.  If the

3

defendant cannot prove prejudice, "a reviewing court need not consider the performance prong." *Fields v. Attorney General*, 956 F.2d 1290, 1297 (4th Cir. 1992) (*citing Strickland*, 466 U.S. at 697).

Bens argues that his counsel was ineffective because he failed to object to the Court's instruction on Count I.  Pet'r Supp. Mem. at 4, 5.  Bens claims that the Court's instruction improperly relieved the Government of its duty to prove "the agreement" element of conspiracy beyond a reasonable doubt.[2]  *Id.* at 4.  The Government counters that Bens's argument is flawed because he selectively references parts of the instruction.  Resp't Supp. Mem. at 15.  The Government notes that the parts of the Court's instruction immediately preceding[3] and following[4]

---

[2] Bens bases his argument on the following:

> Count I of the Indictment charges that the Defendant and Mr. Alexander agreed to import a controlled substance into the United States.  In order for the Government to prove this element, you need not find that the alleged members of the conspiracy, Wendy Bens and Alison Alexander, met together and entered into any express and formal agreement.

Pet'r Supp. Mem. at 4 (J.A. at 685).

[3] "The first element which the Government must prove beyond a reasonable doubt to establish the offense of conspiracy is that two or more persons entered into the unlawful agreement charged in Count 1." J.A. at 685.

[4] "What the Government must prove is that there was a mutual understanding, spoken or unspoken, between Mr. Alexander and the Defendant to cooperate with each other to accomplish an unlawful act." J.A. at 686.

4

Bens's quotation establishes that the Court required the jury to find that there was an "agreement." *Id.* The Government also asserts that the instruction does not relieve it of its burden of proof, but rather explains that the agreement need not be express or formal. Resp't Supp. Mem. at 15. Therefore, the Government contends that Bens was not prejudiced by his attorney's failure to object. *Id.* at 16.

The Court's instruction correctly identified the elements required for a conspiracy conviction. While evidence of a formal or express agreement between the parties establishes the "agreement," "the existence of a tacit or mutual understanding between or among the alleged conspirators is sufficient to show a conspiratorial agreement." *United States v. Chorman*, 910 F.2d 102, 109 (4th Cir. 1990) (internal citations omitted). Accordingly, Bens's attorney correctly refused to object to it.

2. The "Use" Requirement Under 18 U.S.C. § 924(c)

Bens was convicted of possession of a firearm in furtherance of drug trafficking in violation of 18 U.S.C. § 924(c). *Bailey* required at least brandishing or displaying the firearm for a "use" conviction. 516 U.S. at 143 (1995). Bens contends, based on *Bailey*, that the Government failed to show he used the gun. Pet'r Supp. Mem. at 9.

In *Bailey*, the Court required "evidence sufficient to show an active employment of the firearm by the defendant," and

5

stressed that the mere possession of a firearm was insufficient for a conviction.  *United States v. Lomax*, 293 F.3d 701, 704 (4th Cir. 2002) (*citing Bailey*, 516 U.S. at 143).  In response to *Bailey*, Congress amended § 924(c) and criminalized the "possession" of a gun "in furtherance of" a crime of violence or drug trafficking.  18 U.S.C. § 924(c), Pub. L. No. 105-386, 112 Stat. 3469 (1998); *see Lomax*, 293 F.3d at 704.  Bens was convicted under the amended § 924(c) for possession of a firearm in furtherance of drug trafficking, therefore his conviction was lawful.[5]

    3.    Constructive Amendment of the Indictment

Bens also contends that the Court's instruction on Count III constructively amended his Indictment.  Count III charged Bens with possession with intent to distribute cocaine, but the Court instructed the jury to consider the lesser included offense of attempted possession with intent to distribute.[6]  Bens claims

---

[5] Bens also argues that his counsel was ineffective for failing to raise the *Bailey* argument on direct appeal.  Pet'r Supp. Mem. at 11.  Bens's claim of ineffective assistance of counsel is without merit.

[6] Bens bases his argument on the following:

> The Indictment in this case charges the Defendant with possession with intent to distribute a controlled substance, but as you have heard, the substance the Defendant and Mr. Decarlo are alleged to have possessed was not real cocaine, but was a sham substance made up by law enforcement agents to appear to be cocaine.  Thus, the Government does not allege that the Defendant actually possessed cocaine with intent to distribute

6

that 21 U.S.C. § 841(a) does not include the lesser included offense of attempt, thus he must have actually possessed a controlled substance to trigger criminal liability under the statute.  Pet'r Supp. Mem. at 8.

The statute under which Bens was charged provides that "any person who attempts or conspires to commit any offense defined in this subchapter shall be subject to the same penalties as those prescribed for the offense."  21 U.S.C. § 846; *see Sansone v. United States*, 380 U.S. 343, 349-50 (1965) ("where some of the elements of the crime charged constitute a lesser crime, the defendant . . . is entitled to an instruction which would permit a finding of guilt on the lesser offense").  The evidence at trial showed that Bens had retrieved a "sham" substance that he thought was cocaine.  The Court's instructions reflected that evidence.  The jury properly decided that Bens had committed the lesser included offense of attempted possession with intent to distribute.

    4.   Admission of DeCarlo's Hearsay Statements

Bens contends that the Court erred in admitting DeCarlo's testimony about the drug conspiracy because it violated his Sixth Amendment right to confront witnesses against him.  Pet'r Supp.

---

        it, but rather that he committed the lesser included
        offense of attempted possession . . .

J.A. at 700.

Mem. at 9-10. DeCarlo's statements were elicited by Bens's counsel. The "invited error" doctrine recognizes that "a court can not be asked by counsel to take a step in a case and later be convicted of error, because it has complied with such request." *United States v. Herrera*, 23 F.3d 74, 75 (4th Cir. 1994) (*quoting Shields v. United States*, 273 U.S. 583, 586 (1927)). At trial, Bens's counsel elicited testimony from DeCarlo over the Government's objection and relied on it during closing argument. J.A. at 631-634. Accordingly, Bens cannot now complain that it was error for the Court to admit the evidence on which he relied.[7]

   5.   Cumulative Error

Bens argues that the cumulative trial errors in his case caused him substantial prejudice. Pet'r Supp. Mem. at 12. Bens's allegations of error are meritless; therefore his cumulative error claim fails.

III. Conclusion

For the above stated reasons, Bens's motions will be denied.

October 19, 2007                    /s/
Date                         William D. Quarles, Jr.
                             United States District Judge

---

[7] Bens also complains that his counsel was ineffective for failing to call DeCarlo as a witness. DeCarlo signed an agreement to be a Government witness. Calling DeCarlo as a defense witness would have injured Bens's case. This Court will not second-guess his attorney's sound, tactical decision not to call DeCarlo as a witness. *Goodson v. United States*, 564 F.2d 1071, 1072 (4th Cir. 1977) (*per curiam*).